IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK PHILLIPS, | No. 4:21-CV-1754 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, | |
| Defendants. | |

# MEMORANDUM OPINION AND ORDER

### DECEMBER 15, 2021

On October 14, 2021, Frederick Phillips—an inmate at the State Correctional Institution in Coal Township, Pennsylvania—filed a *pro se* "Petition for Relief in the Nature of a Writ of Mandamus" in the United States District Court for the Middle District of Pennsylvania.[1] Phillips appears to have been, and continues to be, confused as to the separate state and federal court systems in Pennsylvania.

When Phillips filed his petition for a writ of mandamus, he directed it to the "Supreme Court of Middle District."[2] There is, of course, no such court. It seems that Phillips intended his mandamus filing to be lodged with the Supreme Court of

---

[1] Doc. 1.
[2] Doc. 1 at 1, 4.

Pennsylvania, the Commonwealth's highest court.[3]  Unfortunately, Phillips filed his petition in this Court using the Scranton division's address, to wit: "238 [sic] North Washington Avenue, P.O. Box 1148, Scranton, PA 18501-1148."[4]  He did not include the requisite $402.00 filing fee or an application to proceed *in forma pauperis*.

Upon Phillips' filing of the petition for a writ of mandamus, the Clerk of Court issued the standard *pro se* letter and 30-day administrative order, directing Phillips to pay the requisite filing fee or file a properly executed application to proceed *in forma pauperis* or else the case would be dismissed.[5]  A blank application was attached to this order.[6]  Phillips responded by letter dated October 19, 2021, claiming that his petition was improperly "docketed . . . as a civil action" and further stating that "a Supreme Court judge has not made a decision regarding the above mentioned petition."[7]  He did not pay the filing fee or submit an application to proceed *in forma pauperis*.  Phillips also attached to that letter a

---

[3]  *See* Doc. 4 (explaining that Phillips wanted the "Supreme Court" to force the Pennsylvania Board of Probation and Parole (PBPP) to decide his appeal pending with that agency).

[4]  Doc. 1 at 4.  The Court notes that the street address for the Scranton division is 235 N. Washington Avenue, not 238.  The Court further observes that the closest division of the Pennsylvania Supreme Court to where Phillips is incarcerated has the following address for filing: "Supreme Court of Pennsylvania, Pennsylvania Judicial Center, 601 Commonwealth Ave., Suite 4500, P.O. Box 62575, Harrisburg, PA 17106."  *See* https://www.pacourts.us/courts/supreme-court/prothonotarys-addresses (last visited Dec. 9, 2021).

[5]  Docs. 2, 3.

[6]  Doc. 3-1.

[7]  Doc. 4.

document entitled "Habeas Corpus," which asks this Court to "set forth a decision to force 'PBPP' to answer a legal appeal that the 'PBPP' has grossly neglected."[8]

Several more weeks passed, yet Phillips still did not comply with the Court's 30-day administrative order. Instead, he sent another letter, in which he included additional facts regarding his state parole issues and stated that he had received "no response" from the Court.[9] Consequently, the Clerk of Court issued another letter to Phillips on November 18, 2021, explaining that he did in fact file a civil action in mandamus with this Court, but that he must comply with the 30-day administrative order issued on October 14, 2021, or his case would be dismissed.[10] Out of an abundance of caution, a second 20-day administrative order issued the same day, directing Phillips to pay the requisite filing fee or file a properly executed application to proceed *in forma pauperis* or else the case would be dismissed.[11]

Phillips responded with two additional letters, both demonstrating that he is confused about what court he is filing documents in.[12] In his November 22, 2021 letter, he maintains that he filed "Mandamus" with the "Supreme Court," adding that he is "knowledgeable enough to know procedures as they stand."[13] He also

---

[8]   Doc. 4-1.
[9]   Doc. 5.
[10]  Doc. 6.
[11]  Doc. 7.
[12]  *See generally* Docs. 8-9.
[13]  Doc. 8 at 1, 3.

states that he "filed a 'Habeas Corpus'" with "your office" that was "never acknowledged."[14]

It is clear that Phillips has misfiled his petition for a writ of mandamus with this Court rather than with the Supreme Court of Pennsylvania. It is likewise clear that Phillips has failed to comply with this Court's administrative orders, likely because of his continued confusion.

Accordingly, the Court will dismiss this mandamus action without prejudice for failure to comply with its administrative orders and pursuant to 28 U.S.C. § 1915(a) for failure to adhere to the requirements for proceeding *in forma pauperis* in federal court. Should Phillips desire to seek relief in this Court in the form of a petition for a writ of habeas corpus pursuant to federal law, he must appropriately file such a petition with this Court and pay the requisite filing fee or apply to proceed *in forma pauperis*.

**AND NOW**, for the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Frederick Phillips' *pro se* petition (Doc. 1) for a writ of mandamus is **DISMISSED** without prejudice.

2. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[14] *Id.* at 1.